## RUHMANN v. MAHONEY. (No. 7625.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1926.)

1. **Appeal and error ⬅719(1)—Appellant filing no assignments of error in lower court and none being incorporated in transcript waives all except fundamental errors (Rev. St. 1925, art. 1844; court of civil appeals rules 22, 28).**

Where defendant filed no assignments of error in lower court and none is incorporated in transcript as required by Rev. St. 1925, art. 1844, court of civil appeals rules 22, 28, he will be deemed to have waived all errors in court below except such as appear on face of record.

2. **Venue ⬅5(2)—Venue of suit to recover value of excess acreage and to foreclose lien held in county in which land was situated (Rev. St. 1925, art. 1995, subds. 12, 14).**

Venue of suit to recover value of excess acreage in land conveyed by plaintiff to defendant and to establish and foreclose an implied lien *held* properly fixed in county in which land was situated, under Rev. St. 1925, art. 1995, subds. 12, 14.

Appeal from District Court, Live Oak County; T. M. Cox, Judge.

Action by Margaret Mahoney against E. P. Ruhmann. From an order overruling his plea of privilege, defendant appeals. Affirmed.

C. G. Hallmark, of Kenedy, for appellant. T. H. Miller, of George West, for appellee.

SMITH, J. This appeal is from an order overruling appellant's plea of privilege to be sued in the county of his residence, to wit, San Patricio county. Appellant filed no assignments of error in the court below, and none are incorporated in the transcript, as required by the statutes and rules governing appeals to this court. Article 1844, R. S. 1925; rules 22, 28.

[1] The consequence is that appellant will be deemed to have waived all errors in the court below except such as appear upon the face of the record to be fundamental in

their nature and require consideration even though not assigned.

It appears from the face of the record that this is a suit to recover the value of excess acreage in a tract of land conveyed by appellee to appellant, under the terms of a written contract between the parties in which appellant agreed to pay appellee at the rate of $17 an acre for such excess when and if ascertained by a survey. It was alleged by appellee that it has been ascertained that there is an excess of 187 acres, and appellee brought this suit to recover the agreed value thereof and to establish and foreclose an implied lien upon the premises to secure the payment of the value of the excess, and in the alternative appellee prayed for recovery and possession of the excess land.

[2] If the facts alleged in the petition of the plaintiff below are established, then the venue of the suit was properly fixed in the county in which the land was situated, under the twelfth and fourteenth exceptions to the venue statute. Subdivisions 12 and 14, art. 1995, R. S. 1925. This suit was brought in that county.

The pleadings, together with the evidence adduced upon the hearing of the plea of privilege, tend to show a controversy between the parties such as that stated, and the judgment is affirmed.